## Weigelt *v.* Factors Credit Corporation, Appellant.

Argued September 30, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Edward F. Hitchcock,* with him *Otto Kraus, Jr.,* for appellant.

*Charles H. Heidmann,* with him *Irving W. Singer,* for appellee.

OPINION BY RENO, J., December 29, 1953:

This is an appeal by the execution-creditor in a judgment obtained by foreclosure of a chattel mortgage on a used motor vehicle from the award of the proceeds of the sale of said vehicle to the claimant-appellee in interpleader.

On or about September 1, 1952, Fred Mohr, the owner of a 1949 Ford convertible coupe, left his automobile with Howard McKeever, trading as Seaboard Motors, who was to put it on display for sale at his place of business in Collingdale, Delaware County, where he sold used automobiles. On September 20, 1952, the claimant-appellee purchased the automobile from McKeever. He received a bill of sale, temporary registration certificate, receipts for payment of the purchase price and for the cost of tags and title transfer, *and obtained possession of the automobile.* McKeever, after paying Mohr, obtained the signature of Mohr to the title certificate in blank and inserted his name in the assignment of the title certificate. On September 22, 1952 a chattel mortgage was executed and delivered by McKeever to the appellant. This mortgage was given to secure a judgment note of even date for $850, with interest, representing a loan in that amount made to McKeever by appellant. No attempt to inspect the automobile or ascertain if McKeever had possession of it was made by appellant at the time the

loan was made. The automobile was in the possession of the claimant-appellee on the date the loan was granted and the chattel mortgage executed and delivered by McKeever to appellant. On the back of the title certificate, Seaboard Motors, by Howard McKeever, made application for certificate of title in his trade name, requesting that a lien of $850 in favor of Factors Credit Corporation, appellant, be noted theron. Subsequently, appellant received a new certificate of title in the name of Seaboard Motors with the encumbrance in favor of appellant in the sum of $850 noted thereon. Default having been made in payment, judgment was confessed against McKeever by appellant and execution was issued against the motor vehicle. Claimant-appellee filed his property claim and, by agreement, the sheriff sold the automobile and the sale price of $675 was paid into court. By decree of the court below the proceeds were awarded to the claimant-appellee, and this appeal followed.

It is contended that possession of a title certificate to a motor vehicle with mortgage lien endorsed thereon entitles appellant to the proceeds of the sheriff's sale as against the claim of the appellee, a bona fide purchaser who obtained possession of the vehicle prior to the execution of the mortgage but who failed to obtain an assignment of the title certificate from the owner. In support of this contention appellant relies primarily on several provisions of The Vehicle Code, Act of May 1, 1929, P. L. 905, as amended, 75 P. S. §1 et seq. relating to certificates of title. Section 201 of the Act, as amended, 75 P. S. §31, concerning the requirement of a certificate of title, provides: "(a) No person who is a resident of this Commonwealth shall own a motor vehicle, trailer, or semi-trailer, in this Commonwealth unless a certificate of title therefor shall have been obtained as provided in this act". Section 207

of the Act, as amended, 75 P. S. §37, concerning the assignment of certificate of title, provides: "(a) In the event of the sale or transfer of the ownership of a motor vehicle, . . . for which certificate of title has been issued, the owner of such motor vehicle, . . . shall execute an assignment of the certificate of title to the purchaser or transferee, with warranty of title, with a statement of all liens, encumbrances, or legal claims on said motor vehicle, . . . the name and address of the holder of said liens, encumbrances or legal claims, sworn to before a notary public or other officer empowered to administer oaths, and deliver the same to the purchaser or transferee at the time of the delivery to him of such motor vehicle, . . ." .

"(b) The purchaser or transferee, except as herein provided, shall, within fifteen (15) days of such assignment or reassignment of certificate of title, on a reassignment form furnished by the department, present to the secretary [of Revenue] such assigned certificate of title or reassignment form, sworn to before a notary public or other officer empowered to administer oaths, with the assigned certificate of title attached thereto, together with a statement of all liens, encumbrances, or legal claims on said motor vehicle, . . . with application for certificate of title and accompanied by the fee prescribed in this act, whereupon a new certificate of title may be issued in the name of the owner."

Applying the above quoted provisions of The Vehicle Code to the facts in the instant case, appellant concludes that because of appellee's failure to obtain a certificate of title he never became the owner of the motor vehicle and therefore his claim to the proceeds of the sheriff's sale is inferior to that of the chattel mortgage.

Neither §201 of The Vehicle Code, supra, nor similar provisions in prior legislation concerning title certificates of motor vehicles were designed to establish conclusively the ownership of an automobile. In *Majors v. Majors,* 349 Pa. 334, 338, 37 A. 2d 528, it was stated: "We are aware the primary purpose of the act was not designed to establish the ownership or proprietorship of an automobile, but rather to register the name and address of the person having the right of possession and to furnish persons dealing with one in possession of an automobile a means of determining whether such possession was prima facie lawful".

In *Braham & Co. v. Steinard-Hannon Motor Co.,* 97 Pa. Superior Ct. 19, 23, though it involved the interpretation of earlier legislation concerning motor vehicles, the following language of Judge, later President Judge, KELLER is nonetheless pertinent and applicable to The Vehicle Code of the present day: "It is clear that the primary purpose of the Act of 1923, supra, was to protect the public against the theft of automobiles and their resale by the thief, and to facilitate the recovery of stolen automobiles. It was a police measure, and was not designed to establish the ownership or proprietorship of the car, . . ." And at page 25 Judge KELLER said: "It follows that the act does not provide nor intend to provide that the 'certificate of title' shall determine the absolute ownership of the car, or alter or affect in any manner the actual ownership of the vehicle and the relations of the persons interested in it. It only requires registration by the person entitled to its possession and in control of its operation. The certificate is not a warrant of ownership or muniment of title as usually understood in the law. It may be relevant evidence in establishing such title."

It is well settled that the certificate of title is not conclusive evidence of ownership of a motor vehicle. In *Cardish v. Tomazowski,* 99 Pa. Superior Ct. 360, almost the exact situation was presented as in the instant case; the owner of a car left it with a dealer to sell; the dealer sold the car, never reported the sale, pocketed the money and absconded. This Court held that the omission of the purchaser to obtain a certificate of title did not forfeit the purchaser's title to the car. In *Speck Cadillac-Olds, Inc. v. Goodman,* 373 Pa. 83, 88, 95 A. 2d 191, 193, Mr. Justice CHIDSEY, speaking for the Supreme Court stated: "The purpose of a certificate of title is not to conclusively establish ownership in a motor vehicle, but rather to establish the person entitled to possession."

Appellee is clearly entitled to the proceeds of the sheriff's sale. He was a bona fide purchaser, paid the full purchase price, obtained a proper bill of sale and took possession of the automobile. He paid the title transfer costs and was entitled to rely on the promise of the dealer to obtain the title certificate. Section 207 of The Vehicle Code, supra, provides that the owner of a motor vehicle shall execute an assignment of the certificate of title to the purchaser. The failure of the owner to comply with the requirements of The Vehicle Code cannot be ascribed to any actions of the innocent purchaser. Moreover, the unfortunate position of the appellant is due to its failure to exercise ordinary business prudence by ascertaining if the mortgagor had possession of the vehicle at the time he executed the chattel mortgage.

Judgment is affirmed at appellant's costs.