Linwood Harvestore, Inc., Appellant, *v.* Cannon.

Argued September 27, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

William C. Kuhn, with him Philip E. Brockway, and Brockway, Brockway & Kuhn, for appellants.

David Goodwin, with him T. A. Sampson, Jr., and Fruit, Dill and Goodwin, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, November 14, 1967:

The instant appeals arise out of two separate actions of replevin brought by the plaintiff, Linwood Harvestore, Inc., against defendants, Harold Cannon and Robert Jones, in the Court of Common Pleas of Mercer County. Since the material facts are the same in each action, the motions for summary judgment in each case were considered together by the court below and have been again considered together on these appeals.

The litigation is the result of the conversion of three Harvestores and accompanying equipment, their subsequent sale to the defendant-appellees, and the efforts of the plaintiff-appellants to secure relief. Harvestore is a trade name for a silo that is disassembled and may be assembled by a purchaser. At various times during 1965, the appellant became the owner of Harvestores and accompanying equipment. Subsequent to those dates, the appellant contracted with one George G. McConnell of New Wilmington, Pennsylvania, to

transport the Harvestores by motor truck from the appellant's place of business in Illinois to various farms in New York State. McConnell, a motor freight carrier, but also himself a dealer in Harvestores, did not deliver the Harvestores, but rather converted them. Although the pleadings leave some doubt as to whether the defendant-appellee farmers bought the Harvestores directly from McConnell, or indirectly through Mobile Leasing Corporation, which financed the appellees' purchases, it is clear that appellees did purchase the Harvestores.

Plaintiff here waived the tort and brought suit in assumpsit against the converter, McConnell. In that suit plaintiff obtained a default judgment, rendered uncollectible by virtue of McConnell's insolvency.

Defendants in the instant cases moved for summary judgment on two grounds. The first was that the pleadings show that the Harvestores were realty and replevin is the wrong form of action to recover realty. The second was that the suit in assumpsit affirms the sales by McConnell and ratifies the defendants' titles. The motions were granted by the court below on the latter ground. These appeals followed.

Pennsylvania Rule of Civil Procedure 1035(b) sets forth the criteria for the granting of a motion for summary judgment: ". . . The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." As we read the record, it cannot be said that there is no genuine issue as to a material fact. Defendants in the new matter in their answers aver that they and their spouses "had no knowledge, actual or constructive, of any other person's claim of proprietary interest in said silo and equipment or any portions thereof, and were of the be-

lief that the dealer had full power and authority to sell and erect said silo and equipment." Plaintiff in its replies to new matter states that the above averment "is neither admitted nor denied, since knowledge thereof is solely within the control and possession of the defendant and if relevant, proof thereof is demanded at the trial of the cause."

The issue of knowledge is indeed material. The court below and the appellees rely heavily on the old case of *Marsh v. Pier*, 4 Rawle 273 (1833). That case, it is said, establishes the proposition that the mere recovery of an assumpsit judgment against the converter prohibits a subsequent action against the person who buys from the converter. Although there is broad language in *Marsh* which would cover the instant case, *Marsh* was a case where the converter purported to act with authority from the owner, so that a suit in assumpsit could more readily be viewed as a ratification there.

It is not necessary, however, to determine at this time whether the above distinction between *Marsh* and the instant case controls. For we have no doubt that the rule in *Marsh* is to apply only where one of two innocent parties must suffer. The general rule for chattels is that a bona fide purchaser from a thief gets nothing. 77 C.J.S. 1099, Sales §291. As between two persons having equal equities, the holder of the legal title prevails. Once, however, the original owner has exercised his option of securing a judgment against the converter, the equities are no longer equal, at least under the theory of the *Marsh* case as appellees read it. The plaintiff has had a chance for relief elsewhere; moreover, there is an interest in prompt administration of justice, favoring binding the plaintiff to his choice. Yet the balance never swings to the vendee of the converter, where such vendee is not bona fide. Where the vendee knows or has reason to know of his vendor's

lack of title or authority to sell, then the original owner ought in justice to be able to recover from the vendee of the converter. It is for this reason that defendant-appellees' knowledge or lack of it is material here.

On the particular facts of this case, we might note, appellees' knowledge is relevant for another reason. Appellee averred and appellant admitted that McConnell was a dealer in Harvestores. Under the Uniform Commercial Code, §2-403(2), 12A P.S. §2-403(2): "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business." The Code, §1-201(9), 12A P.S. §1-201(9) defines "buyer in ordinary course of business" as "a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind. . . ." Thus, appellees' knowledge and good faith is again relevant.[1]

Possibly this factual issue may be resolved by further discovery. If not, a trial will be necessary.

Summary judgment vacated, and case remanded for further proceedings.

Mr. Justice JONES, Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

---

[1] Upon remand, it may be necessary to determine the exact chain of title from McConnell to the appellees. If Mobile Leasing Corporation was an actual purchaser, and not just a straw, and if Mobile Leasing was itself a buyer in ordinary course, then under the shelter principle of UCC 2-403(1), 12A P.S. §2-403(1)— "A purchaser of goods acquires all title which his transferor had. . . ."—Mobile Leasing's good title redounds to appellees regardless of their own bona fides.