Edward F. McLaughlin, J.
Plaintiff moves at Special Term by order to show cause for an order directing defendant to release a certain 1974 Chevrolet Corvette automobile and the certificate of title therefor which have been seized and impounded by defendant.
The vehicle in question was originally owned by Location Gallop Leasing, Inc. of Chateauquay, Quebec, Canada, and was registered to said corporation with the Department of Motor Vehicles in Montreal. On or about August 3, 1974, the vehicle was stolen from Location Gallop Leasing, Inc. At about the same time, blank registration forms were stolen from the Department of Motor Vehicles in Montreal and used to complete the transfer of the said vehicle to a certain Richard Dooust in New York State. Meanwhile, Location Gallop Leasing, Inc. was paid on a theft loss claim by its insurance carrier which became subrogated to the owner’s rights. The registration to Dooust in New York was completed on December 31, 1974, listing Mr. Dooust, a member of the auto theft ring, as the owner of the vehicle. At that time New York State issued a certificate of title for the said vehicle. Thereafter the auto was transferred by Dooust to Julian LaDuke, another member *362 of the auto theft ring. Thereafter, Patrick D. Elmer, an innocent buyer, purchased the car from Mr. LaDuke sometime in early 1975. Thereafter, on or about May 16, 1975, the plaintiff herein purchased the said vehicle from Mr. Elmer for the sum of $5,425.00. On that date plaintiff took physical possession of the automobile and the New York State registration to said vehicle and the certificate of title therefor.
On May 16, 1975, the plaintiff paid to the first lien holder on the vehicle, the Merchant’s National Bank & Trust Company of Syracuse, New York, the sum of $2,461.70, and the balance to Mr. Elmer.
Upon inspection of the vehicle, plaintiff discovered that the title and vehicle identification number on the certificate of title was not the same as the vehicle identification number on said automobile, there being a transposition of the number "2” rather than the letter "Z” in two places on the certificate of title. Thereupon, plaintiff contacted Mr. Elmer and together they obtained a corrected certificate of title from the New York State Department of Motor Vehicles which said corrected certificate of title Mr. Elmer again transferred to plaintiff.
Thereafter, on or about June 30, 1975, plaintiff attempted to transfer the said vehicle and certificate of title to Bauman Chevrolet, Inc., of Pittsburgh, Pennsylvania, through the Manheim Auto Auction of Manheim, Pennsylvania. Before the transfer could be completed, the New York State Police, in cooperation with the Pennsylvania State Police, impounded the vehicle in Pennsylvania. It would appear that the vehicle and the title to it are still impounded.
At this juncture, plaintiff contends that it obtained good title from the seller, Mr. Elmer, to the subject vehicle and is therefore entitled to immediate possession of the vehicle and certificate of title. Plaintiff seeks to complete its conveyance to the vehicle to Bauman Chevrolet, Inc. and requests this court to order the State Police of New York to release the impounded vehicle.
Defendant contends that the subject vehicle was stolen in Canada and verifies this fact by documentary evidence from the Canadian authorities. Based on such documentary evidence, defendant further contends that plaintiff never obtained good title to the vehicle and that defendant was properly acting within its authority in impounding the vehicle.
A purchaser of goods acquires the title which the transferor *363 had or could transfer. A person with voidable title has power to transfer a good title to a good faith purchaser for value. (Uniform Commercial Code, § 2-403, subd [1].) Entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer good title to a buyer in the ordinary course of business. (Uniform Commercial Code, § 2-403, subd [2].) However, absent the circumstances of a completed sale by a dealer in goods to a bona fide purchaser of the goods, one may not obtain title from a thief, nor may such purchaser assert a claim against the true owner. It is when the title of the thief or his receiver is voidable only, that an innocent purchaser may acquire good title.
In the instant case, when all of the facts are dissected, it would appear that Elmer purchased from a thief, thereby obtaining no title qt all. Plaintiff, in turn, in purchasing from an individual, Elmer, could obtain no better title than Elmer possessed, to wit: none. Plaintiff, having failed to show that it purchased from a dealer in the ordinary course of business, did not obtain good title. (Atlas Auto Rental Corp. v Weisberg, 54 Misc 2d 168.) At this point, plaintiff, being a dealer in the goods, could have transferred to an innocent bona fide purchaser for value good title by means of a completed sale. (Hartford Acc. & Ind. Co. v Walston & Co., 21 NY2d 219; also Uniform Commercial Code, § 2-403, subd [2].) However, in this case, the vehicle was impounded before completion of sale by plaintiff dealer to a bona fide purchaser at a time when plaintiff had no title to it, and when it still represented stolen property. Thus, plaintiff’s claim must fail for lack of valid title upon which to rest. Defendant is under a statutory duty to impound and seize stolen property wheresoever located and to return such property to its rightful owner, in this case, the insurance carrier subrogated to Location Gallop Leasing, Inc., the original owner.
Motion denied.