## Carr v. Keller

Robert C. Spitzer, of Nauman, Smith, Shissler & Hall, for plaintiff.
Jon F. LaFaver, for defendant.

WEIDNER, J., July 19, 1976

## STATEMENT OF PLEADINGS

On January 21, 1976 plaintiff, Lester D. Carr, filed a complaint in equity averring the good faith purchase on or about June 23, 1975, of a used Chevrolet van from Wrightstone Auto Sales, a duly licensed retail dealership in motor vehicles. Plaintiff further avers that, prior to this transaction, defendant, Kenneth Keller, sold the instant van to Wrightstone Auto Sales, receiving in payment therefor a check which later was dishonored. Records of the Motor Vehicle Bureau, made a part of the complaint, indicate that, notwithstanding plaintiff's possession of the vehicle, record title remains in defendant.

Plaintiff contends that, despite demand therefor, defendant has failed and refused to deliver an executed certificate of title conveying this ownership interest. As a result of this refusal, plaintiff avers he is in danger of suffering serious and irreparable harm. In respect thereof, plaintiff prays for equitable relief in the form of a preliminary injunction ordering defendant to deliver to him, at no further cost, said certificate of title free and clear of liens and encumbrances, and such other relief as the court deems appropriate.

A hearing on the petition for a preliminary injunction was held on January 27, 1976. After hear-

ing, having determined that plaintiff had failed to demonstrate a clear right to relief and immediate and irreparable harm, this court dismissed the petition by order dated February 5, 1976.

By agreement of the parties waiving further testimony, the case is now ready for final adjudication.

## ISSUE PRESENTED

Whether plaintiff is entitled to an order directing defendant to execute and deliver a certificate of title to the motor vehicle in question.

## FINDINGS OF FACT

1. Plaintiff, Lester D. Carr, is an adult individual doing business under the name of Carr Floor Maintenance Service at 2811 Penbrook Avenue, Harrisburg, Dauphin County, Pa.

2. Defendant, Kenneth Keller, is an adult individual residing at 900 State Street, Lemoyne, Cumberland County, Pa.

3. Wrightstone Auto Sales was a licensed dealership in motor vehicles with retail premises located at Park Avenue and Bridge Street, New Cumberland, Cumberland County, Pa.

4. Defendant sold a used Chevrolet van, vehicle identification #G125 RP 117998, to Wrightstone Auto Sales for $1,200 paid by check. Defendant conveyed possession of this van to Wrightstone but retained the certificate of title thereto. Subsequently, the check of Wrightstone Auto Sales was returned for insufficient funds.

5. On or about June 23, 1975, while the van was in the possession of Wrightstone Auto Sales, plaintiff entered into an agreement therewith to pur-

chase the same for $1,598.50, paying $100 as a deposit.

6. On or about July 1, 1975, plaintiff paid the balance of the purchase price, $1,498.50, and took possession of the van.

7. As part of this transaction, Wrightstone Auto Sales issued plaintiff a temporary registration certificate which indicated the van was owned by Wrightstone. Wrightstone Auto Sales also assured plaintiff that a certificate of title would be forthcoming.

8. Plaintiff dealt with Wrightstone Auto Sales in good faith and without knowledge of the ownership rights of defendant.

9. Plaintiff has never received certificate of title to the van. Record title remains in the possession and name of defendant. Despite demand therefor, defendant has refused to transfer this title to plaintiff.

10. Wrightstone Auto Sales is now out of business, and the principal thereof, a Mr. Wrightstone, has fled the State to avoid prosecution.

## DISCUSSION

It is plaintiff's position that the issue presented is controlled by section 2-403 of the Uniform Commercial Code, Act of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-403, which provides as follows:

"(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a

transaction of purchase the purchaser has such power even though . . .

"(b) the delivery was in exchange for a check which is later dishonored . . . .

"(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

"(3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law."

Plaintiff contends that defendant, by originally selling the van in question to Wrightstone, in fact "entrusted" the vehicle to a merchant dealing in goods of that kind, and thereby gave the latter power to transfer all his rights of ownership to a subsequent buyer in ordinary course of business, notwithstanding defendant's retention of title or Wrightstone's payment by worthless check. Accordingly, plaintiff claims such "buyer in ordinary course of business" status. This term is defined in section 1-201(9) of the UCC as "a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker."

In arguing he meets the requirements of this definition, plaintiff suggests he is entitled to all ownership rights in the van, including good title, and is thus entitled to the equitable relief requested.

Defendant, on the other hand, argues that the instant circumstances are governed by appropriate provisions of The Vehicle Code of April 29, 1959, P.L. 58, secs. 201, 207, as amended, 75 P.S. §§201, 207, rather than by the UCC. In this regard, defendant, citing Commercial Banking Corporation v. Active Loan Co., 135 Pa. Superior Ct. 124, 4 A. 2d 616 (1938), contends that a certificate of title is a necessary incident to ownership of a motor vehicle within the Commonwealth. From this, he argues that, absent a valid transfer of title, a subsequent purchaser acquires only that title which his transferor actually had. For the latter proposition, defendant cites Kovatch v. Hyde, 47 Luz. 13 (1956), which, though distinguishable from the instant facts, nonetheless recognizes the applicability of section 2-403 of the UCC under appropriate circumstances.

Defendant also relies upon Sterling Acceptance Co. v. Grimes, 194 Pa. Superior Ct. 503, 168 A. 2d 600 (1961), wherein the court, in affirming judgment for a subsequent good-faith purchaser under section 2-403, noted the apparent conflict between that section and the titling provisions of The Vehicle Code. Defendant places great weight on dicta in the opinion to the effect that, in reconciling these statutory provisions, situations involving the purchase of a *used* car may be treated differently than those involving a *new* car, intimating that the UCC would govern only the latter. Suffice it to say that defendant's reliance on this dicta is without firm support. In this regard, we point to well-taken exceptions to the court's analysis in Sterling Acceptance. See Kapral v. Hanover National Bank, 52 Luz. 276 (1962); Sherman v. Roger Kresge, Inc., 323 N. Y. Supp. 2d 804 (1971). In any

event, we have no difficulty in applying both The Vehicle Code and the UCC to the instant facts, and construing the same together.

With respect to The Vehicle Code, it is well settled that a certificate of title is not conclusive evidence of motor vehicle ownership: Weigelt v. Factors Credit Corporation, 174 Pa. Superior Ct. 400, 101 A. 2d 404 (1953); Schlusser v. Conrad, 8 Cumb. 5 (1957). In fact, Speck Cadillac-Olds v. Goodman, 373 Pa. 83, 95 A. 2d 191 (1953), cited by defendant, additionally supports this principle.

As such, the fact that defendant retained certificate of title to the vehicle in question does not preclude the passage of ownership rights to plaintiff pursuant to section 2-403 of the UCC. However, the actual status and/or disposition of this certificate does have a direct bearing on whether a subsequent purchaser, such as plaintiff, does, in fact, meet the "buyer in ordinary course of business" requirement of section 1-201(9).

Accordingly, central to the instant controversy is whether plaintiff's apparent failure to demand and examine the used vehicle's certificate of title at the time of purchase prevents him from now claiming buyer in ordinary course status. We conclude that it does not.

This issue has been raised and effectively dealt with elsewhere. See Weigelt v. Factors Credit Corportation, supra; Joy v. Ondrey, 105 Pitts. L.J. 147 (1955). We would agree with the court's analysis in Joy v. Ondrey, that ". . . when an automobile is offered for sale on a used car lot or in a showroom . . . the purchaser is entitled to rely to some extent on the supposition that the dealer has authority to sell, and either has title himself or can readily procure assignment of the certificate." Id., at 148. And, certainly the expanded protection af-

forded innocent purchasers in section 2-403 of the UCC reflects the reasonableness of such reliance within the typical merchant-buyer setting.

Moreover, the facts indicate the Wrightstone Auto Sales provided plaintiff with a temporary registration certificate which represented the purchased vehicle as dealer-owned. Plaintiff thus had additional reason for believing, without further inquiry, that Wrightstone did, in fact, hold record title.

Therefore, this court concludes that plaintiff purchased the used vehicle in question from Wrightstone Auto Sales as a buyer in ordinary course of business and, pursuant to section 2-403 of the UCC, is the transferee of all ownership rights previously held by defendant. Plaintiff is entitled to the equitable relief requested.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and of the case.

2. The sale and delivery by defendant to Wrightstone Auto Sales of a used Chevrolet van constituted the entrustment of possession of goods to a merchant in goods of that kind, notwithstanding that such delivery was in exchange for a payment check later dishonored.

3. By such entrustment, defendant conferred upon Wrightstone Auto Sales power to transfer all ownership rights in the van to a buyer in ordinary course of business, notwithstanding defendant's actual retention of the vehicle's certificate of title.

4. Plaintiff subsequently purchased this van from Wrightstone Auto Sales as a buyer in ordinary course of business. Plaintiff is, therefore, entitled to all rights in said van, including a duly executed certificate of title.

5. Defendant has wrongfully withheld this certificate of title from plaintiff.

## DECREE NISI

And now, July 19, 1976, upon consideration of the foregoing, it is ordered, adjudged and decreed that defendant is directed to transfer, assign and deliver to plaintiff a duly executed certificate of title to the Chevrolet van, vehicle identification #G125 RP 117998, free and clear of liens and encumbrances, and at no further cost to plaintiff.

The prothonotary of Cumberland County is directed to file this adjudication, enter the within decree nisi, give notice to the parties or their counsel of record as provided by the Rules of Equity Practice in Pennsylvania, and, unless exceptions are filed to this decree nisi within 20 days after said notice, this decree shall be entered as a final decree.