494 A.2d 853

In re Petition of Michael Thomas HENNESSY.

Appeal of SCHEIRER MACHINE COMPANY, INC., Intervenor.

In re Petition of SCHEIRER MACHINE COMPANY, INC.

Appeal of SCHEIRER MACHINE COMPANY, INC.

Superior Court of Pennsylvania.

Argued March 18, 1985.

Filed May 3, 1985.

Reargument Denied July 8, 1985.

294

James D. Elder, Pittsburgh, for appellant.

Before CIRILLO, HOFFMAN and ROSENWALD *, JJ.

CIRILLO, Judge:

In 1979, Michael Thomas Hennessy (Hennessy) purchased a 1974 Chevrolet truck from S.M.S. Sales, Inc. (S.M.S.) of Cleveland, Ohio, a company that neighbored Hennessy's business and shared a common parking lot. In consideration for receipt of the truck, Hennessy conveyed to S.M.S. two other vehicles and $2,500.00 in cash. Additionally, Hennessy assumed the outstanding indebtedness on the truck; however, because Hennessy could not finance this debt, S.M.S. continued to make the payments, while Hennessy agreed to provide his personal services to S.M.S. in return. Hennessy took possession of the truck upon sale, although S.M.S. retained *possession* of the truck's certificate of title.

* Judge Edward Rosenwald, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

The Chevrolet truck was stolen from the common parking lot in May, 1981. The theft was reported to the Cleveland police by Edward High, majority shareholder of S.M.S. and one of the parties with whom Hennessy contracted for the purchase of the truck. Sometime later, Edward High recovered the truck but did not report this to anyone. Ostensibly due to certain damage suffered during the theft, High replaced certain parts of the truck with parts from a 1968 GMC truck and then painted the Chevrolet truck a different color. On June 11, 1981, Edward High sold the now hybrid truck to Scheirer Machine Company (Scheirer), of Pennsylvania, and subsequently sent to Scheirer the title, which listed the vehicle as a 1974 Chevrolet truck registered in the name of S.M.S.

High's ex-wife informed the Cleveland police in September, 1983 that the truck could be found at Scheirer's business, in Pennsylvania. In turn, the Pennsylvania State Police were notified, and an investigation into the identification numbers on the truck at Scheirer's business revealed it to be the 1974 truck. Scheirer had improperly registered the truck in Pennsylvania as a 1968 GMC, such being the year and make of the recently added parts. The truck was seized and impounded by the Pennsylvania State Police. Pursuant to Pennsylvania Rule of Criminal Procedure 324, the Criminal Division of the Court of Common Pleas of Allegheny County granted Hennessy's petition to have the seized truck returned to him as rightful owner.

Appellant Scheirer raises three issues for our review: 1) Did the criminal division of the Court of Common Pleas of Allegheny County, Pennsylvania have jurisdiction to determine to whom property seized pursuant to a search warrant should be returned in the presence of conflicting claims of ownership?

2) Can a record title holder of a motor vehicle act to transfer title to said motor vehicle to a purchaser?

3) Can a good faith purchaser for value of a motor vehicle acquire legal title to a motor vehicle, such as to

have priority of title over one who attempts to assert an equitable interest thereto?

It is well settled that the courts of common pleas have unlimited original jurisdiction. Article 5, Section 5 of the Pennsylvania Constitution provides:

**§ 5. Courts of Common Pleas**

There shall be one court of common pleas for each judicial district

(a) having such divisions and consisting of such number of judges as shall be provided by law, one of whom shall be the president judge; and

(b) having unlimited original jurisdiction in all cases except as may otherwise be provided by law.

*See also* 42 Pa.C.S. § 931.

 The divisions of the common pleas courts are merely administrative and each division is vested with the full jurisdiction of the whole court. 42 Pa.C.S. § 952; *see also Guerin v. Guerin*, 296 Pa.Super. 400, 442 A.2d 1112 (1982). Therefore, the criminal division of the Court of Common Pleas had jurisdiction to hear the petition for the return of the truck.

Moreover, under the facts of this case, the proper method of moving for a return of property was pursuant to Pa.R. Crim.P. 324. Hennessy was clearly a person aggrieved by a seizure under Rule 324.

The second issue appellant raises is governed by 13 Pa.C.S. § 2403(a), which provides in part:

(a) **Transfer of title.**—A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value....

"The basic policy of our law allowing transfer of such title as the transferor has is generally continued and expanded" under this subsection. Comment 1 to Section 2403. Broadly stated, Section 2403 deals with two related topics: the

power of a transferor of goods to transfer title or an interest in goods; and the title of a good faith purchaser for value of goods. *See* J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code, § 3–11 (1980).

The first sentence of the subsection gives a purchaser of goods all title which his transferor had or had the power to transfer. As Comment 1 states, "the provisions of the section are applicable to a person taking by any form of 'purchase' as defined by this Act." Purchase is defined in 13 Pa.C.S. § 1201 as "taking by sale, discount, negotiation, mortgage, pledge, lien, issue or reissue, gift or any other voluntary transaction creating an interest in property." A sale is defined as the "passing of title from the seller to buyer for a price." *Id.* at 2106(a). Once goods are delivered to the buyer, title passes. *Id.* at 2401(2).

■ In the case *sub judice,* there can be no doubt that Hennessy was a purchaser of the truck and had title to it. The record shows that Hennessy paid $2,500.00 in cash to S.M.S., along with the delivery of another truck and a van, and agreement to perform services for S.M.S. in order to pay off the remainder of the debt on the truck. Hennessy had possession and control of the truck from the time he purchased it from S.M.S. until it was stolen.

■ The fact that the certificate of title remained in S.M.S.'s possession is of no consequence. A certificate of title is not conclusive evidence of ownership. *In re Estate of Summers,* 424 Pa. 195, 226 A.2d 197 (1967); *Wasilko v. Home Mutual Casualty Corp.,* 210 Pa.Super. 322, 232 A.2d 60 (1967); *Weigelt v. Factor's Credit Corp.,* 174 Pa.Super. 400, 101 A.2d 404 (1953) (allocatur denied). The Pennsylvania Bar Association's Notes to Section 2401 state:

"title" has much less effect in determining the rights of the parties than under the repealed Uniform Sales Act. Therefore, in dealing with any problem under the Code, it is important to ascertain whether any specific provision deals with the problem; if so, it will override any implication to be drawn from the location of the title.

From the foregoing discussion it is apparent that when S.M.S., through Edward High, sold the truck to Scheirer, no title passed. Under Section 2403, the purchaser acquires "all title which his transferor had." With title having vested in Hennessy in 1979, S.M.S. had nothing to transfer to Scheirer. Therefore, title remained in Hennessy.

■ Appellant's final argument, while seeming to have merit on its face, contains a fatal flaw in analysis. The argument is based upon the unfounded assumption that S.M.S. had voidable title to the truck; as such, under the second sentence of Section 2403(a), Scheirer could have obtained title as a good faith purchaser for value. Apart from the question of good faith, is that of how S.M.S. obtained voidable title to the truck. In order to have voidable title, one must obtain goods through the assent of the original owner, but not necessarily acquired good title. *Justice v. Febey,* 541 F.Supp. 1019 (E.D.Pa.1982). There is no evidence of record that S.M.S. obtained possession of the truck through the assent of Hennessy. Any title that S.M.S. had, therefore was void title. Consequently, S.M.S. had nothing to transfer to Scheirer. *Linwood Harvestore, Inc. v. Cannon,* 427 Pa. 434, 437, 235 A.2d 377, 380 (1967). Therefore, title to the truck remained in Hennessy.

Order affirmed.