## Brown v. Henry Mearig, Inc.

*Samuel M. Mecum,* for plaintiff.
*David L. Williams,* for defendant.

GEORGELIS, *J.,* February 3, 1986—Presently before the court are the preliminary objections of defendant, Henry Mearig, Inc., to the complaint in replevin of plaintiff, Janine B. Brown. The relevant facts, as pled by plaintiff, are as follows:

Plaintiff is a chiropractor, and defendant is a Pennsylvania corporation in the business of buying and selling motor vehicles. On July 23, 1985, plaintiff purchased, and took possession of, a 1982 slate blue Saab from Computer Auto Sales (hereinafter CAS), a company engaged in the business of buying and selling motor vehicles and represented by Benjamin Blessing (hereinafter Blessing). The purchase price was $9,975, and plaintiff gave Blessing her personal check in that amount. Blessing promised plaintiff that he would process the paperwork necessary for issuance of the new title, and plaintiff obtained insurance coverage for the car.

On July 31, 1985, Blessing called plaintiff and offered to exchange the blue Saab for a 1982 steel gray Saab, if she would pay an additional $800. Plaintiff agreed to make the exchange and told Blessing that she would pay the additional sum, once she had received the new title.

On August 2, 1985, plaintiff took possession of the gray Saab, returned the blue one to Blessing and transferred her insurance to cover the change. On August 5, 1985, a representative of CAS picked up the gray Saab from plaintiff for some repairs, which Blessing had agreed to perform as one of the condi-

tions of the exchange of the two Saabs. Subsequently, plaintiff asked Blessing, on numerous occasions, when the title would be issued and when the repairs would be completed. Plaintiff has not received the title.

On August 20, 1985, after numerous attempts to learn the whereabouts of her car, plaintiff was told that it had been given to defendant for the promised repairs. Plaintiff called defendant and was advised that it was retaining the car, because Blessing had purchased it from defendant and given defendant a bad check for the purchase price. Plaintiff has filed the herein action in replevin, and defendant has filed preliminary objections, in the form of a demurrer, alleging that the complaint fails to state a cause of action in replevin, since the complaint establishes that plaintiff does not have title, nor exclusive right of possession, to the car.

Defendant, by virtue of its demurrer, admits all relevant facts sufficiently pled in the challenged pleading and admits all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the pleading. Duffee v. Judson, 251 Pa. Super. 406, 409, 380 A.2d 843, 844-845 (1977). Defendant has, therefore, admitted, for the purposes of its demurrer, all of the above stated relevant facts, which are pled in the complaint. A demurrer should be sustained only when it appears from the pleading that, on the facts averred, the law will not permit recovery by plaintiff. Schott v. Westinghouse Electric Corporation, 436 Pa. 279, 291, 259 A.2d 443, 449 (1969). For the reasons stated below, the court finds that plaintiff's complaint alleges facts, which, if proved, would be sufficient to permit her recovery, and the court, therefore, denies defendant's preliminary objections.

In order to successfully state a claim in replevin,

Plaintiff must establish that she had a general or special property interest which entitled her to exclusive possession of the car. Blossom Products Corporation v. National Underwear Company, 325 Pa. 383, 191 Atl. 40 (1937). To determine plaintiff's property interest in the car and whether or not she is entitled to its exclusive possession, it is first necessary to determine the nature of CAS's title in the car, when it was purchased by CAS from defendant. The Uniform Commercial Code, in §2-403, adopted in Pennsylvania as 13 Pa. C.S. §2403, states, in subsection "(a) Transfer of title," as follows:

"A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:

(1) . . .

(2) the delivery was in exchange for a check which is later dishonored;

(3) . . .

(4) . . ."

CAS's title to the gray Saab was voidable, by virtue of Blessing's purchase from defendant and by virtue of the bad check, given by Blessing to defendant for the purchase price. Under §2403, *supra,* Blessing and CAS transferred good title, if plaintiff were a good faith purchaser for value. The facts, alleged in the complaint and admitted by defendant, for the purposes of its demurrer, establish that plaintiff purchased the gray Saab in good faith for value, when she exchanged the previously purchased blue Saab, for which she had already paid and for the promise to pay an additional $800 on re-

ceipt of the title, which purchase was from a person and entity in the business of buying and selling cars.

Subsection (b) of Section 2403 provides additional support for the conclusion that the plaintiff had obtained title to the gray Saab. It states:

"Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business."

"Entrusting" is defined, in Section 2403(c), to include "any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the disposition of the goods by the possessor has been such as to be larcenous under criminal law." Under the provisions of subsections (b) and (c), Blessing and CAS, once defendant transferred possession of the Gray Saab, had the power to transfer all of defendant's rights to the car to plaintiff, if plaintiff were a buyer in the ordinary course of business. The Uniform Commercial Code, in Section 1-201, adopted in Pennsylvania at 13 Pa. C.S. §1201, defines a buyer in the ordinary course of business as a "person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind . . . ." Under the facts, alleged in the complaint and admitted by defendant, for the purposes of its demurrer, plaintiff qualifies as a buyer in the ordinary course of business. She purchased in good faith, from a dealer in cars and without knowledge that her purchase violated defendant's ownership rights.

Plaintiff's failure to obtain a certificate of title for

the car does not defeat her claim to its ownership nor does it destroy her status as a good faith purchaser for value and as a buyer in the ordinary course of business. A certificate of title is not conclusive evidence of ownership of the motor vehicle. Speck Cadillac-Oldsmobile, Inc. v. Goodman, 373 Pa. 83, 95 A.2d 191 (1953); Carr v. Keller, 74 D. & C. 2d 534, 26 Cumb. 245 (1976); In Re Estate of Summers, 424 Pa. 195, 226 A.2d 197 (1967); In Re Hennessy, 343 Pa. Super. 283, 494 A.2d 853 (1985); Wasilko v. Home Mutual Casualty Co., 210 Pa. Super. 322, 232 A.2d 60 (1967); Weigelt v. Factors Credit Corp., 174 Pa. Super. 400, 101 A.2d 404 (1953) (allocatur refused).

In summary, plaintiff, by virtue of defendant's admission, for the purposes of its demurrer, of the relevant facts, alleged in the complaint, has sufficiently established that, even though CAS and Blessing obtained voidable title to the Saab from defendant, she obtained good title and all of defendant's rights to the car, when she obtained it in good faith for value and as a buyer in the ordinary course of business from Blessing and CAS. Accordingly, defendant's preliminary objections must be denied, and the court enters the following

## ORDER

And now, February 3, 1986, defendant's preliminary objections are denied, and defendant is directed to file a responsive pleading to the complaint within 20 days of the date of this order.