**James Edward DAVIS**

v.

**Detective Kenneth D. FOWLER # 681 —BCI Auto Theft Unit.**

**Civ. A. No. M-79-1255.**

United States District Court, D. Maryland.

Dec. 18, 1980.

James Edward Davis, pro se.

Alan E. D'Appolito, Upper Marlboro, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

On February 17, 1978, defendant, a Prince Georges County police officer, seized from plaintiff's residence various pieces of motorcycle equipment pursuant to a search warrant issued by a state judge. Although defendant returned to plaintiff's mother most of the items seized, defendant retained a motorcycle and several motorcycle parts. Plaintiff filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, alleging that the seizure and retention of these objects deprived him of property without due process of law in violation of the Fourteenth Amendment.

Summary judgment was granted for defendant on the ground that defendant had probable cause to believe that the seized objects were stolen, and that defendant's conduct had at all times been in good faith.[1] Additionally, the court ruled that the retained objects need not be returned to plaintiff at that time. The objects appeared to be contraband because there was evidence that their identification numbers had been altered in violation of *Md.Code Ann.* art. 27, § 389(b).

Plaintiff has now filed a motion pursuant to Rule 59(e), F.R.Civ.P., seeking to reopen the case on the ground that defendant has failed to justify the continued retention of the motorcycle and the motorcycle parts.[2] Plaintiff specifically alleges that the identification numbers in question have not been altered, and that he has not been accorded a hearing to determine whether in fact the numbers have been altered.

■ In response to the Court's Order of August 25, 1980, defendant indicated that there are no criminal charges pending against plaintiff, and that the Prince Georges County Police Department does not intend to bring any charges against plaintiff in connection with the property seized from his residence on February 17, 1978. In light of plaintiff's allegations and defendant's response, the court will consider the issue of whether defendant's continued retention of the objects violates plaintiff's civil rights.[3]

The issue here is not whether the state may retain seized property for use as evidence in a criminal proceeding against the owner, possessor, or some other person. Such retention is unquestionably lawful, *see, e. g., United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978); *United States v. Wilson*, 540 F.2d 1100, 1104 n.5 (D.C.Cir.1976), but defendant has stated that there are no pending or impending criminal proceedings. What is at issue is whether defendant may retain plaintiff's property, which although lawfully seized has not been the subject of or involved in a criminal prosecution or a civil forfeiture proceeding, when plaintiff has specifically requested its return.

Defendant has maintained throughout this case that the motorcycle equipment need not be returned to plaintiff because it is contraband under *Md.Code Ann.* art. 27, § 389(b),[4] which provides:

"It shall be unlawful for any person knowingly to retain in his possession or to offer for sale any manufactured article or product from which the manufacturer's serial number has been removed, defaced or obliterated."

To convict someone under this statute the state must prove (1) that a person possessed

---

1. Memorandum and Order filed May 19, 1980. The court also dismissed, with prejudice, plaintiff's claim against an Assistant State's Attorney on the ground of prosecutorial immunity. These conclusions of law remain undisturbed.

2. Since the *pro se* motion was not served within ten days of entry of judgment, the court will treat it as a motion under Rule 60(b), F.R.Civ.P.

3. Property rights are basic civil rights within the meaning of 42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343(3). *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

4. Defendant has not cited, and the court has not found, any Maryland statute providing for the forfeiture of the kind of property at issue under the circumstances of this case. *Cf. Md. Code Ann.* art. 27 § 297 (providing for forfeiture of controlled substances and materials or vehicles used in connection therewith.)

or offered for sale (2) an article whose serial number had been altered, and (3) that the possessing or offering was with the knowledge of the altered serial number. *Spears v. State*, 38 Md.App. 700, 706–07, 382 A.2d 616 (1978).

Two types of contraband have been recognized by the decisional law. The first type, contraband *per se*, has been defined by the Supreme Court as an object "the possession of which, without more, constitutes a crime." *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965). If an object is found to be contraband *per se* a claimant is "not entitled to have it returned to him." *United States v. Jeffers*, 342 U.S. 48, 54, 72 S.Ct. 93, 96, 96 L.Ed. 59 (1951). *See Trupiano v. United States*, 334 U.S. 699, 710, 68 S.Ct. 1229, 1234, 92 L.Ed. 1663 (1948); *United States v. Wright*, 610 F.2d 930, 940–41 (D.C.Cir. 1979).

The second type, derivative contraband, are objects that are not inherently unlawful; instead, they have been used in an unlawful manner or are instrumentalities of a crime. *United States v. Farrell*, 606 F.2d 1341, 1344–45 (D.C.Cir. 1979). *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. at 699, 85 S.Ct. at 1250. The owner of derivative contraband does not, however, automatically lose all of his interest in such property. Rather, the state may institute *in rem* proceedings, under the appropriate statute, to divest permanently all claimants of any interest in the property. *United States v. U. S. Coin and Currency*, 401 U.S. 715, 719–21, 91 S.Ct. 1041, 1043–44, 28 L.Ed.2d 434 (1971); *United States v. One 1971 Mercedes Benz*, 542 F.2d 912, 913–14 (4th Cir. 1976). *See United States v. Farrell*, 606 F.2d at 1345 nn.7 & 9 (examples of federal and state forfeiture statutes).

The motorcycle and motorcycle parts presently held by defendant cannot, at this time, be said to constitute contraband *per se*. There has been no judicial determination that the serial numbers on these items have been altered. Moreover, the mere possession of motorcycle parts is not a crime. Finally, under *Md.Code Ann.* art. 27 § 389(b), the possession becomes criminal only when the possessor "knows" of the serial number alterations, and plaintiff's knowledge on this issue has not been the subject of judicial proceedings. Therefore, the court concludes that the property held by defendant cannot be retained on the ground that it is contraband *per se*.[5]

The Fourteenth Amendment prohibits a state from depriving a person of his property without due process of law. The application of this prohibition to the instant case involves two determinations: (1) does plaintiff have a recognized property interest in the motorcycle equipment; and (2) if so, what process is due to protect that interest? *See, e. g., Board of Regents v. Roth*, 408 U.S. 564, 569–72, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972). To the extent that prior possession or ownership of chattels supports a legitimate claim of entitlement, plaintiff has a protectable interest in the motorcycle equipment. *Board of Regents v. Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. Since the property was seized from plaintiff's residence, plaintiff has established a *prima facie* case of entitlement. *See United States v. Wright*, 610 F.2d at 939. That plaintiff's claim can be disputed does not negate the existence of a property interest or plaintiff's right to the attendant due process safeguards. As the Supreme Court stated in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972):

"The Fourteenth Amendment's protection of 'property', however, has never been interpreted to safeguard only the rights of undisputed ownership. Rather, it has been read broadly to extend to 'any significant property interest' . . . It is enough to invoke the procedural safeguards of the Fourteenth Amendment that a significant property interest is at stake, whatever the ultimate outcome of a hearing."

---

**5.** The motorcycle parts would be contraband *per se*, however, if there were a judicial determination that the manufacturer's serial number had in fact been "removed, defaced, or obliterated" within the meaning of *Md.Code Ann.* art. 27, § 389.

407 U.S. at 86–87, 92 S.Ct. at 1997 (citations omitted).

▮ It is fundamental that due process requires that a property interest not be divested finally without some kind of a hearing. *E. g., Wolff v. McDonnell*, 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). The kind of a hearing that is required in any given case is determined by balancing the interests at stake. *Smith v. Organization of Foster Families*, 431 U.S. 816, 848, 97 S.Ct. 2094, 2111, 53 L.Ed.2d 14 (1977). The considerations to be weighed were set forth in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Justice Powell stated:

> "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

424 U.S. at 335, 96 S.Ct. at 903.

▮ In this case, plaintiff has specifically requested the return of his property. Although no criminal charges with respect to the motorcycle parts are pending or even contemplated, defendant has refused to return the property to plaintiff.[6] Official action, therefore, endangers plaintiff's interest in possession and ownership of personal property. *See Fuentes v. Shevin*, 407 U.S. at 80–81, 92 S.Ct. at 1994. Moreover, since plaintiff would be deprived permanently of his property by a disproportionately powerful state official, the threat to his interest is significant. *See North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 606, 95

S.Ct. 719, 722, 42 L.Ed.2d 751 (1975); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 341–42, 89 S.Ct. 1820, 1822–23, 23 L.Ed.2d 349 (1969). There is also a substantial risk that this deprivation is erroneous under current procedures. *See McClendon v. Rosetti*, 460 F.2d 111, 115–16 (2d Cir. 1972). No hearing before an impartial tribunal has been provided for plaintiff to contest, or for defendant to verify, the contention that the property is in fact contraband under Maryland law. In sum, there is a complete lack of due process safeguards, and defendant's retention of plaintiff's property, under the circumstances of this case, violates the Fourteenth Amendment.[7]

For the reasons set forth above, it is this 18th day of December, 1980, by the United States District Court for the District of Maryland ORDERED:

1. Plaintiff's motion for relief from judgment is GRANTED.

2. DECLARED, ADJUDGED, and DECREED that defendant is retaining plaintiff's property in violation of the due process clause of the Fourteenth Amendment.

3. AND IT IS FURTHER ORDERED that defendant shall return to plaintiff, or plaintiff's authorized representative, those items of personal property seized from plaintiff's residence on February 17, 1978, unless civil forfeiture proceedings are commenced against said property within forty-five (45) days from the date of this Order.

---

6. The procedure contemplated by Rule 729(b)(2), Md.R.Crim.P., is inapplicable to this case for the court has already determined that the search for and seizure of plaintiff's property was lawful. *Cf. Md.Code Ann.* art. 88B, § 27 (provision regarding return of property held by state police). In any event, 42 U.S.C. § 1983 does not require the exhaustion of state remedies.

7. The state's obligation to provide a hearing in a case such as this, however, arises only when there has been a timely demand for the return of the property. *Cf. McClendon v. Rosetti*, 460 F.2d at 113.